# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
### at LONDON

Civil Action No. 10-155-HRW

LONNIE HARNESS,                                    PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for supplemental security income benefits on March 20, 2007, alleging disability beginning on November 1, 2004, due to ADHD, schizophrenia, ankle problems, nerves and hearing problems (Tr. 112).

This application was denied initially and on reconsideration. On December 1, 2008, an administrative hearing was conducted by Administrative Law Judge Douglas J. Kile (hereinafter "ALJ").

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On March 19, 2009, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 23 years old at the time of the hearing decision. He has a high school education and his past relevant work experience consists of work as a cook.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date, March 20, 2007 (Tr. 13).

The ALJ then determined, at Step 2, that Plaintiff suffers from osteoarthritis and depression, which he found to be "severe" within the meaning of the Regulations (Tr. 13-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15-16).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 19) but determined that he has the residual functional capacity ("RFC") to perform a range of light work, with certain limitations as set forth in the hearing decision (Tr. 16-18).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 19-20).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 27, 201- (Tr. 1-4).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## III. ANALYSIS

### A.    Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not consider his impairments in combination; (2) the ALF erred in assessing his credibility; (3) the ALJ did not afford proper weight to the assessments of Penny Malgoza, Warren Lambert and an unidentified source and (4) the ALJ's hypothetical to the VE was improper.

### C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not consider his impairments in combination. This argument is without merit. A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation. The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone

and "in combination" (Tr. 12. 15). Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987). Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is without merit.

Plaintiff's second claim of error is that the ALF erred in assessing his credibility.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

In this case, the ALJ found Plaintiff's subjective complaints were at odds with the evidence in the record. For example, the record reveals Plaintiff received only conservative treatment during the relevant time period. In addition, Plaintiff's daily activities belie allegations of disabling symptoms. The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

The Court finds that the ALJ's determination of Plaintiff's credibility is supported by substantial evidence in the record.

Plaintiff's third claim of error is that the ALJ did not afford proper weight to the assessments of Penny Malgoza, Warren Lambert and an unidentified source.

Penny Malgoza is a consultative examiner in this case. She is not a licensed psychologist and, thus, not an acceptable medical source within the view of the Regulations. 20 C.F.R. §§ 416.902, 416. 913 (a). However, regardless of her credentials, the ALJ did, in fact, give some weight to her opinion. Therefore, Plaintiff's argument that the ALJ did not give her opinion weight is without merit.

With regard to Warren Lambert, he, too is not an acceptable medical source. 20 C.F.R. §§ 416.902, 416. 913 (a). Further, he examined Plaintiff on only one

occasion.  Therefore, his opinion is not entitled to any special deference.  *See* 20
C.F.R. § 404.1527(d).

As for the unidentified source, it appears that this argument refers to a
March 2008 assessment (Tr. 363-365).  This report does not contain an legible
identification of its author.  Even assuming it was penned by a treating source, the
assessment lacks reference to any testing or clinical or diagnostic findings.  As
such, it is not entitled to deference.  *See* 20 C.F.R. § 404.1527(d).

Finally, Plaintiff maintains that the hypothetical questions posed to the VE
in this case were incomplete and, thus, not supported by substantial evidence.  The
Defendant argues that the hypothetical questions posed complied with this
circuit's long-standing rule that the hypothetical question is proper where it
accurately describes a claimant's functional limitations.  *Varley v. Secretary of
Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987).  This rule is
necessarily tempered by the requirement that the ALJ incorporate only those
limitations which he or she finds to be credible.  *Casey v. Secretary of Health and
Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).   In this case, the
hypotheticals posed accurately portray the RFC as formulated based upon the
objective  medical evidence.   As such, the Court finds that the ALJ's RFC and
findings based upon the VE's testimony are supported by substantial evidence in

the record.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _22_ day of March, 2011.

_____
Henry R. Wilhoit, Jr., Senior Judge